```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
SCOTT CAWTHON,                                                         :
                                                                       :
                              Plaintiff,                               :
                                                                       :          22 Civ. 2895 (JPC)
                -v-                                                    :
                                                                       :                ORDER
JINSHENG ZENG,                                                         :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On July 12, 2022, Plaintiff filed a certificate of service of the summons and Complaint on Defendant Jinsheng Zeng. Dkt. 8. According to that filing, Defendant was served in China via electronic mail and Federal Express. *Id.* Also on July 12, 2022, Plaintiff expressed his "inten[tion] to file the request for default and proof of service in accordance with the rules." Dkt. 9.

Because China is a signatory to the Hague Convention, "compliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft. v. Schlunk*, 486 U.S. 694, 705 (1988); *see also In re Bibox Grp. Holdings Ltd. Secs. Litig.*, No. 20 Civ. 2807 (DLC), 2020 WL 4586819, at *2 (S.D.N.Y. Aug. 10, 2020) ("Generally, service on a foreign defendant pursuant to the Hague Convention is 'mandatory' when the defendant resides in a country that is a signatory to the Hague Convention."). Article 10 of the Hague Convention states that, "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." Art. 10(a), Hague Convention (Nov. 15, 1965). The Second Circuit has interpreted the word "send" in Article 10(a) to mean "service." *Ackermann v. Levine*, 788 F.2d 830, 839 (2d Cir. 1986). China, however, has objected to the methods of service set out in Article 10 of the Hague

Convention. *See Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2915); *see also* https://www.hcch.net/en/states/authorities/details3/?aid=243 (accessed July 13, 2022). Thus, service on Defendant via Federal Express does not constitute proper service.

As to service by electronic mail, district courts in this Circuit appear to be divided as to whether service by e-mail is appropriate when the defendant is located in a country that has objected to service by postal mail under Article 10 of the Hague Convention. *Compare Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515 n.2 (S.D.N.Y. 2013) (observing, but without deciding, the argument that "service by e-mail, fax, or publication, all of which would occur in China, would run afoul of the Hague Convention and thus be prohibited"), *with In re Bibox Grp. Holdings Ltd. Secs. Litig.*, 2020 WL 4586819, at *2 (concluding that "China's objection to service by postal mail has not been taken to extend to service by electronic means.").

Accordingly, it is hereby ORDERED that, by July 20, 2022, Plaintiff shall file a letter advising the Court as to whether service on Defendant via e-mail constitutes proper service under Federal Rule of Civil Procedure 4(f), including whether service of process by e-mail is permitted under Chinese law and whether Plaintiff requests permission from the Court to serve Defendant via e-mail under Rule 4(f)(3). After the Court reviews Plaintiff's letter, and as appropriate, the Court will set a briefing schedule on Plaintiff's motion for default judgment.

SO ORDERED.

Dated: July 13, 2022
New York, New York

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　JOHN P. CRONAN
　　　　　　　　　　　　　　　　　　United States District Judge